UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

NATIONAL RAILROAD PASSENGER
CORPORATION d/b/a AMTRAK,
a Foreign Corporation,

    Plaintiff,

vs.                                      CASE NO.: 8:20-cv-1134

STEADFAST INSURANCE COMPANY,

    Defendant.

_____/

**AMTRAK'S AMENDED MOTION FOR COURT DEFAULT AGAINST STEADFAST
AND SUPPORTING MEMORANDUM OF LAW**

The Plaintiff, NATIONAL RAILROAD PASSENGER CORPORATION, d/b/a AMTRAK ("Amtrak"), by and through the undersigned counsel, pursuant to Fed.R.Civ.P. 55(b)(2), L.R. 1.07 and 3.01, files this Motion with the Court for the entry of default judgment against STEADFAST INSURANCE COMPANY ("Steadfast"), and in support states:

**Preliminary Statement**

On August 3, 2020, Steadfast filed a Motion to Set Aside Clerk's Default on August 3, 2020. Contemporaneous with this filing. Amtrak filed a detailed response to Steadast's motion to set aside. In that responsive motion is extensive argument as to why Steadfast has not, and cannot, make an affirmative showing of a successful defense. In that discussion Amtrak outlines the choice of law options, and how Steadfast cannot mount a successful defense under either Illinois or Florida law. Amtrak incorporates that discussion herein.

1

**Statement of Facts**

1. On May 15, 2020, Amtrak filed its complaint for declaratory judgment and indemnity up to the policy aggregate limit of $6,000,000. **Exhibit 1.**

2. On July 7, 2020 Steadfast was served with a copy of the summons and the complaint. **Exhibit 2.**

3. Steadfast's response was due no later than July 28, 2020. *See* Fed.R.Civ.P. 12(a)(1)(A)(i).

4. Amtrak filed a Motion for Clerk's Default on July 29, 2020. **Exhibit 3.**

5. This Court entered a Clerk's Default on July 30, 2020. **Exhibit 4.**

6. Steadfast filed an Answer on July 30, 2020.

7. Amtrak filed a Motion for Court Default Against Steadfast on July 31, 2020.

8. The Court denied Amtrak's Motion for Court Default, without prejudice, on August 3, 2020, referencing Amtrak's non-compliance with L.R. 3.01(1).

9. Steadfast filed a Motion to Set Aside Clerk's Default on August 3, 2020.

10. Amtrak filed a Response to Steadfast's Motion to Set Aside contemporaneous with this Amended Motion for Court Default Judgment.

11. A supporting Affidavit for Bill of Costs and Disbursements, as required under Under Fed.R.Civ.P. 55(b)(2), is attached to this amended motion as **Exhibit 5.**

12. An Affidavit of Nonmilitary Service is attached to this amended motion as **Exhibit 6.**

13. Amtrak requests that the Court enter a default judgment against Steadfast pursuant to Fed.R.Civ.P. 55(b)(2) and L.R. 1.07 and provides this memorandum of law in support.

**Supporting Memorandum of Law**

Pursuant to L.R. 1.07, "[w]hen service of process has been effectuated but no appearance or response is made within the time and manner provided by Rule 12, Fed.R.Civ.P., the party effecting service shall promptly apply to the Clerk for entry of default pursuant to Rule 55(a), Fed.R.Civ.P., and shall then proceed without delay to apply for a judgment pursuant to Rule 55(b), Fed.R.Civ.P. . . . ." Fed.R.Civ.P. 55(b)(2) states that when a party has appeared by a representative a party must apply to the Court for a default judgment (as opposed to the Clerk of the Court), and the party or representative must be served with written notice of the application at least 7 days before the hearing. Because the Clerk has entered default, but Steadfast has appeared by representative, Amtrak seeks a Default Judgment by this Court pursuant to L.R. 1.07 and Fed.R.Civ.P. 55(b)(2).

Steadfast, by its default, "admits the plaintiff's well-pleaded allegations of fact[.]" *Nishimatsu Const. Co. v. Houston Nat. Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). Thereafter, for a default judgment to be entered there must be sufficient basis in the pleadings. *Id.* A default judgment may be lawfully entered on "what is proper to be decreed upon the statements of the bill, assumed to be true . . . ." *Id.* (citing *Thomson v. Wooster*, 114 U.S. 104, 111-12 (1885)). "The defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law." *Id.* A defendant may challenge the sufficiency of the complaint and its allegations to support the judgment, but only using what is within the four corners of the Complaint. *See id.* ("appellant's contention on this appeal is that not only do the pleadings fail to support the judgment rendered . . . but that they disclose on their face a fact that would defeat the appellee's claim.").

Under Florida contract law, notice provisions in policies, like this policy, which require "immediate" notice, are read as meaning "as soon as practicable" and "call[s] for notice to be given with reasonable dispatch and within a reasonable time in view of all the facts and circumstances of each particular case." *LoBello v. State Farm Fla. Ins. Co.*, 152 So. 3d 595, 599 (Fla. 2nd DCA 2014). Thus, whether notice is timely is often a question of fact. *Clena Investments, Inc. v. XL Specialty Ins. Co.*, No. 10-CV-62028, 2012 WL 1004851, at *4 (S.D. Fla. Mar. 26, 2012).

Under Illinois law, "[i]t is well settled that when an underlying complaint presents an issue of potential insurance coverage and the insurer believes that the policy does not cover the claim, the insurer may not refuse to defend the insured but must either defend the suit under a reservation of rights or seek a declaration of no coverage." *Am. Nat. Fire Ins. Co. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, 343 Ill. App. 3d 93, 101 (2003). Further, [w]hen an insurer fails to act in either fashion and wrongfully denies coverage, the insurer is estopped from raising policy defenses to coverage." *Id.* The estoppel doctrine operates to bar the insurer from raising policy defenses to coverage, including late-notice defenses. *Employers Ins. of Wausau v. Ehlco Liquidating Tr.*, 186 Ill. 2d 127, 151-54 (1999).[1]

Amtrak pled in its Complaint, Steadfast did not respond, and thus Steadfast has admitted:

1) The existence of an insurance policy written by Steadfast Insurance Company, Railroad Protective Liability Policy No. SCO 0083695-00 ("the policy"). **Exhibit 1, ₱ 6.**

2) That South Florida Regional Transportation Authority ("SFRTA") is the "named insured" on the policy, not Amtrak. **Exhibit 1, ₱ 9.**

3) That the policy was in effect on July 6, 2016. **Exhibit 1, ₱ 7.**

---

[1] This distinguishes between "coverage defenses" which are based on the given claim not being covered by the policy, and "policy defenses" which deny coverage based on an insureds breach of a policy condition.

4) That Amtrak was a railroad operating over SFRTA tracks.  **Exhibit 1, ¶¶ 6-7.**

5) That on July 6, 2016 there was a significant accident resulting in personal injuries to Tiara Lee, significant litigation followed ("*Lee* matter"), and Amtrak settled the litigation resulting in a voluntary dismissal with prejudice on November 19, 2019.  **Exhibit 1, ¶¶ 7-8.**

6) That on August 9, 2016, Amtrak requested from SFRTA "any insurance policies and/or self-insured retention funds which SFRTA maintains which may provide coverage to it and its contractor, VTMI, for any claims arising from this accident" and that SFRTA did not provide Amtrak any of the requested policies.  **Exhibit 1, ¶ 9.**

7) That Amtrak first learned of the policy's existence at a mediation in the *Lee* Matter held on December 21, 2018.  **Exhibit 1, ¶ 10.**

8) That Amtrak tendered to Steadfast three times pursuant to an in accordance with the policy – the first tender being January 25, 2019, within weeks of learning of the existence of the policy - demanding Steadfast defend Amtrak in the *Lee* matter and indemnify it from and against all liability out of or in connection with the *Lee* matter, including all settlements, judgements, damages, costs, expenses, and reasonable attorneys' fees.  **Exhibit 1, ¶¶ 10-11.**

9) That Steadfast rejected Amtrak's multiple tenders, which were pursuant to and in accordance with the policy, disclaiming any obligation to defend or indemnify Amtrak under the policy.  **Exhibit 1, ¶ 11.**

10) That Amtrak complied with all terms of the policy prior to filing the lawsuit.  **Exhibit 1, ¶ 12.**

11) That Amtrak is an insured pursuant to the policy.  **Exhibit 1, ¶ 14.**

12) That Amtrak successfully tendered to Steadfast.  **Exhibit 1, ¶ 15.**

13) That having already forgone their obligation to defend Amtrak in the *Lee* matter Steadfast has a duty to indemnify Amtrak from and against all liability arising out of or in connection with the *Lee* matter, including all settlements, judgments, damages, costs, expenses, and reasonable attorneys' fees up to the policy aggregate limit of $6,000,000.  **Exhibit 1, ¶ 16.**

14) That Amtrak is entitled to an award of its reasonable attorneys' fees, costs, and expenses incurred in this declaratory judgment litigation.  **Exhibit 1, ¶ 17.**

Here, the Complaint and policy attached to the Complaint establish that Amtrak is an "insured" under the policy. Per the policy:

**SECTION II - WHO IS AN INSURED**
1. You are an insured.
2. Your "executive officers" and directors are insureds, but only with respect to their duties as your officers and directors.
3. Your stockholders are insureds, but only with respect to their liability as stockholders.
4. Any railroad operating over your tracks is an insured.

**Exhibit 1, the policy pg. 6 of 20.** It is a well-pled fact deemed admitted that Amtrak was a railroad operating over SFRTA tracks. **Exhibit 1, ¶¶ 6-7.**

Amtrak is an "other insured" not the "Named Insured." SFRTA is the named insured.

**Named Insured and Mailing Address:**
SOUTH FLORIDA REGIONAL TRANSPORTATION AUTHORITY (SEE SCHEDULE OF NAMED INSUREDS)
800 NW 33RD ST
POMPANO BEACH, FL  33064-2046

**Exhibit 1, the policy pg. 3 of 20.** It is a well-pled fact deemed admitted that Amtrak is an "other insured" not the "Named Insured" under the complaint and policy. **Exhibit 1, ¶¶ 6-7.**

Amtrak's tender requirement is controlled by Section IV of the policy, Conditions. Under Section IV.B.2.c, "Duties in the Event of Occurrence, Claim or Suit" for "other involved insured", Amtrak was required to:

(1) Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or "suit";
(2) Authorize us to obtain records and other information;
(3) Cooperate with us in the investigation settlement or defense of the claim or "suit"; and
(4) Assist us, upon our request, in this endorsement of any right against any person or organization which may be liable to the insured because of injury or damage to which this insurance may also apply.

**Exhibit 1, the policy pg. 9 of 20.**  Upon learning of the policy on December 21, 2018, Amtrak immediately tendered pursuant to the policy on January 25, 2019.[2]  That fact, under Florida law, is well-pled fact is deemed admitted.

Under Illinois law, Steadfast refused to defend the suit, and thus is estopped from raising policy defenses[3] such as notice.  *See Am. Nat. Fire Ins. Co.*, 343 Ill. App. 3d at 101; *Wausau*, 186 Ill. 2d at 151-54 (1999).  That fact, under substantive Illinois law, is a well-pled fact and deemed admitted.

Under the policy, Section I, Coverage A, 1. Insuring Agreement, Steadfast contracts:

> 1. **Insuring Agreement**
>    a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies.  We will have the right and duty to defend any "suit" seeking those damages.  We may at our discretion investigate any occurrence and settle any claim or "suit" that may result.  But:
>       (1) The amount we will pay for damages is limited as described in LIMITS OF INSURANCE (Section III); and
>       (2) Our right and duty to defend end when we have used up the applicable limit of insurance in the payment of judgments or settlements.

**Exhibit 1, the policy pg. 4 of 20.**  Thus, per the complaint and policy, Steadfast is responsible to pay damages Amtrak became legally obligated to pay, and Steadfast had a duty to defend any "suit" seeking those damages.  Those facts, as well as the existence of a "suit", are well-pled.

Finally, having already forgone their "right and duty to defend [Amtrak in] any 'suit' seeking those [bodily injury] damages", specifically, the *Lee* matter, Steadfast has a duty to indemnify Amtrak from and against all liability arising out of or in connection with the *Lee*

---

[2] Again, under Florida contract law, notice provisions in policies, like this policy, which require "immediate" notice, are read as meaning "as soon as practicable" and "call[s] for notice to be given with reasonable dispatch and within a reasonable time in view of all the facts and circumstances of each particular case."  *LoBello v. State Farm Fla. Ins. Co.*, 152 So. 3d 595, 599 (Fla. 2nd DCA 2014).

[3] This distinguishes between "coverage defenses" which are based on the given claim not being covered by the policy, and "policy defenses" which deny coverage based on an insureds breach of a policy condition.

matter, including all settlements, judgments, damages, costs, expenses, and reasonable attorneys' fees up to the policy aggregate limit of $6,000,000. Those facts are well-pled. **Exhibit 1, ¶ 16.**

## Conclusion

Amtrak accordingly requests that this Court enter default judgment against Steadfast pursuant to Fed.R.Civ.P. 55(b)(2) and L.R. 1.07.

Dated: August 7, 2020

        */s/ Daniel J. Fleming*
        DANIEL J. FLEMING
        FB #0871222
        DANIEL A. HOFFMAN
        FB #1000362
        Johnson Pope, LLP
        401 East Jackson Street, Suite 3100
        Tampa, FL 33602
        (813) 225-2500 / (813) 223-7118
        DFleming@jpfirm.com
        DHoffman@jpfirm.com
        SMartin@jpfirm.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 7, 2020, I electronically served the foregoing to the following: Bradley Fischer of Lewis Brisbois Bisgaard & Smith, LLP, 110 SE 6th Street, suite 2600, Fort Lauderdale, FL 33301, Bradley.fuscher@lewisbrisbois.com, daniel.allison@lewisbrisbois.com, elsie.stfleur@lewisbrisbois.com, ftlemaildesig@lewisbrisbois.com.

        /s/ Daniel J. Fleming
        Daniel J. Fleming