## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**NATIONAL RAILROAD PASSENGER**
**CORPORATION d/b/a AMTRAK,**
**a Foreign Corporation,**

      **Plaintiff,**

**vs.**                      **CASE NO.: 8:20-cv-1134-T-36CPT**

**STEADFAST INSURANCE COMPANY,**

      **Defendant.**

_____/

## PLAINTIFF'S MOTION FOR FINAL SUMMARY JUDGMENT
## AND INCORPORATED MEMORANDUM OF LAW

COMES NOW, Plaintiff, NATIONAL RAILROAD PASSENGER CORPORATION (hereinafter "Amtrak"), by and through the undersigned counsel, pursuant to Rule 56, Fed.R.Civ.P, and hereby moves for final summary judgment on all Counts of Plaintiff's Amended Complaint, and in support thereof states as follows:

## I.    INTRODUCTION AND UNDISPUTED FACTS

This is an action arising out of Defendant's breach of an insurance contract by failing to defend and indemnify Plaintiff, a named insured under said contract. *See* Plaintiff's Amended Complaint attached as **Exhibit A**. The policy in question, an insurance contract written by Steadfast, is Railroad

Protective Liability Policy No. SCO 0083695-00 ("the Contract"), a copy of which is attached as **Exhibit B**. The named insured of the contract is South Florida Regional Transportation Authority ("SFRTA"). *Ex. B*, pg. 1. Section II of the Railroad Protective Liability Coverage Form states "Who is An Insured" under the contract, and lists:

> 1. You [SFRTA] are an insured. 2. Your "executive officers" and directors are insureds, but only with respect to their duties as your officers and directors. 3. Your stockholders are insureds, but only with respect to their liability as stockholders. **4. Any railroad operating over your [SFRTA] tracks is an insured.**

*Ex. B,* pg. 5 (emphasis added). Steadfast readily admits that Amtrak is an insured under the Contract in its Answer and Affirmative Defenses to Plaintiff's Original Complaint. *See* Defendant's Answer and Affirmative Defenses attached as **Exhibit C**, at pg. 3, para. 13. Irrefutably, Amtrak is a railroad operating over SFRTA's tracks.

The Contract was in effect on July 6, 2016. On that day, safety mechanisms at a railroad crossing were taken out of service by a VTMI employee, and Tiaria Lee ("Ms. Lee") subsequently sustained personal injuries when she drove her vehicle in front of an Amtrak train operating on SFRTA tracks at the crossing in the vicinity of Windsor Ave and 25th ST, West Palm Beach, Florida. The July 6, 2016 incident resulted in significant litigation (collectively, the"Lee Case"), which led to an eventual settlement and

voluntary dismissal with prejudice on November 19, 2019 in the West Palm Beach Division of the United States District Court of the Southern District of Florida, a copy of said dismissal is attached as **Exhibit D**.

On August 9, 2016, Amtrak sent a letter to SFRTA's General Counsel, Teresa J. Moore, a copy of which is attached as **Exhibit E**. The letter requested "any insurance policies and/or self-insured retention funds which SFRTA maintains which may provide coverage to it and its contractor, VTMI, for any claims arising from this accident." *See Ex. E*. SFRTA did not provide Amtrak any of the requested policies. Because of SFRTA's non-compliance with Defendant's request, Amtrak first learned of the Contract's existence at a mediation in the Lee Case held on December 21, 2018. On January 25, 2019, Amtrak tendered to Steadfast pursuant to and in accordance with the Contract, demanding it defend Amtrak in the Lee Case and indemnify it from and against all liability arising out of or in connection with the Lee Case, including all settlements, judgements, damages, costs, expenses, and reasonable attorneys' fees, a copy of which is attached as **Exhibit F**.

On February 14, 2019, Steadfast disclaimed any obligation to defend or indemnify Amtrak under the Contract, a copy of which is attached as **Exhibit G**. On April 12, 2019, Amtrak reasserted Steadfast's duty to defend and indemnify Amtrak, and Amtrak provided significant legal support for their assertion, a copy of which is attached as **Exhibit H**. However, on July 29, 2019,

Steadfast again disclaimed any obligation to defend or indemnify Amtrak under the Contract, a copy of which is attached as **Exhibit I**. On August 30, 2019, Amtrak again asserted Steadfast's duty to defend and indemnify Amtrak, and Amtrak again provided legal precedent in support thereof, a copy of which is attached as **Exhibit J**. On October 1, 2019, Steadfast again disclaimed any obligation to defend or indemnify Amtrak under the Contract, a copy of which is attached as **Exhibit K**.

## II.  MEMORANDUM OF LAW

### A.  Legal Standard

#### 1.  Summary Judgment

A party is entitled to summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

Any party opposing a motion for summary judgment "must do more than simply show that there is some metaphysical doubt as to material facts." *Matsushita Elec. Indus. Co., Ltd. V. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986) ("By its very terms, this standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion…; the requirement is that there be no *genuine* issue

4

of *material* fact") (emphasis in original). "[O]nce the moving party has met its burden of showing a basis for the motion, the nonmoving party is required to 'go beyond the pleadings' and present competent evidence designating 'specific facts showing that there is a genuine issue for trial.'" *United States v. $183,791.00*, 391 F. App'x 791, 794 (11th Cir.2010). Thus, the nonmoving party "may not rest upon the mere allegations or denials of his pleadings, but [ ] must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

"Any factual dispute invoked by the nonmoving party to resist summary judgment must be both material in the sense of bearing on an essential element of the plaintiff's claim and genuine in the sense that a reasonable jury could find in favor of the nonmoving party." *Abraham v. Raso*, 183 F.3d 279, 287 (3d Cir. 1999) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-251 (1986)). Although inferences in interpreting evidence should be drawn in favor of the nonmoving party, "the nonmoving party must present enough evidence to demonstrate a dispute is genuine." Abraham, 183 F.3d at 287. "The object of [Rule 56(e)] is not to replace conclusory allegations of the complaint … with conclusory allegations of an affidavit." Lujan v. National Wildlife Federation, 497 U.S. 871, 888 (1990). The Supreme Court has held that "[s]ummary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which

are designed to 'secure the just, speedy and inexpensive determination of every action." *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986) (citing Fed. R. Civ. P. 1).

## 2.    Notice to Insurer

Insurance policies often require an insured to provide the insurer with "prompt notice" (or some functionally equivalent phrase) of loss to the insured. *Cont'l Cas. Co. v. Shoffstall*, 198 So. 2d 654, 656 (Fla. 2d DCA 1967) ("Prompt" and other comparable phrases, like "immediate" and "as soon as practicable," do not require instantaneous notice). Rather, a policy provision relating to the time when notice of an occurrence must be given, and containing language such as "as soon as practicable" means notice given with reasonable dispatch and within a reasonable time in view of all the facts and circumstances of the particular case. *Laster v. U.S. Fid. & Guar. Co.*, 293 So.2d 83, 86 (Fla. 3d DCA 1974). The purpose of a notice provision in an insurance policy is to allow an insurer "to evaluate its rights and liabilities, to afford it an opportunity to make a timely investigation, and to prevent fraud and imposition upon it." *LoBello v. State Farm Fla. Ins. Co.*, 152 So. 3d 595, 598 (Fla. 2d DCA 2014). Florida cases follow a two-step analysis to determine whether an insured's notice to the insurer sufficiently complied with such a policy requirement. *CMR Constr. & Roofing, LLC v. ASI Preferred Ins. Corp.*, No. 219CV442FTM29MRM, 2021 WL 877560, at *3 (M.D. Fla. Mar. 9, 2021)

(citing *Rodriguez v. Avatar Prop. & Cas. Ins. Co.*, 290 So. 3d 560, 564 (Fla. 2d DCA 2020). Essentially, the inquiry involves a determination of whether the notice of loss was timely and, if not, a determination of whether the insurer was prejudiced by the untimely notice. <u>LoBello</u>, 152 So. 3d at 599.

The first step "is to determine whether or not the notice was timely given." *Rodriguez*, 290 So. 3d at 564. Notice is necessary when there has been an occurrence that should lead a reasonable and prudent man to believe that a claim for damages would arise. *Yacht Club on the Intracoastal Condo. Ass'n, Inc. v. Lexington Ins. Co.*, 599 F. App'x 875, 879 (11th Cir. 2015) (citing *Ideal Mut. Ins. Co. v. Waldrep*, 400 So.2d 782 (Fla. 3d DCA 1981). There is no "bright-line" rule under Florida law setting forth a particular period of time beyond which notice cannot be considered "prompt." *Id.* (citing *Kings Bay Condo. Ass'n, Inc. v. Citizens Prop. Ins. Corp.*, 102 So.3d 732 (Fla. 4th DCA 2012). Rather, as would be expected given a standard that depends on facts and circumstances, Florida courts have found that notice several years after an occurrence is "prompt" in some cases. *Id.* In *LoBello*, for example, new homeowners moved into property in 2002 and noticed cracking in 2004, but they attributed the problem to normal settling of the home. It was not until four years later when a friend recommended the homeowners consult with a public adjuster that they learned the cracking was caused by a sinkhole and filed a claim with their insurer. The court found that whether notice was

"prompt" under these circumstances was a question for the jury. *See* 152 So.3d at 602. While resolution of timely notice is often an issue for a jury, Florida cases have recognized that "this issue of fact may sometimes be resolved by summary judgment." *Laquer*, 167 So. 3d at 474.

If notice is found to be untimely, the next step is to determine whether the untimeliness caused the insurer **substantial** prejudice. *Allstate Fire & Cas. Ins. Co. v. Duong Thanh Ho*, No. 11-60724-CIV, 2012 WL 442980, at *7 (S.D. Fla. Feb. 10, 2012) (citing Florida Mun. Liab. Self Insurers Program v. Mead Reinsur. Corp., 796 F.Supp. 509, 513 (S.D.Fla.1992) (emphasis added). In Florida, a failure to give timely notice creates a rebuttable presumption of prejudice to the insurer. *PDQ Coolidge Formad, LLC v. Landmark Am. Ins. Co.*, 566 F. App'x 845, 849 (11th Cir. 2014) (citing *Bankers Ins. Co. v. Macias*, 475 So.2d 1216, 1217–18 (Fla. 1985). Whether the presumption of prejudice to the insurer has been overcome is "ordinarily ... a separate issue of fact." *De La Rosa v. Fla. Peninsula Ins. Co.*, 246 So. 3d 438, 441 (Fla. 4th DCA 2018). However, the prejudice issue can be properly resolved on summary judgment if "an investigation conducted immediately following the occurrence would not have disclosed anything materially different from that disclosed by the delayed investigation." *Lexington Ins. Co.*, 599 F. App'x 875 at 882 (citing *Niesz v. Albright*, 217 So.2d 606, 608 (Fla. 4th DCA 1969); see also *Tiedtke v. Fid. & Cas. Co. of New York*, 222 So.2d 206, 209 (Fla. 1969) (no prejudice where

insurer did not begin investigation until several months after receiving notice and was able to get statement from every material witness prior to trial).

### B.    Summary of Argument

Amtrak is entitled to summary judgment on both of its claims against Steadfast. It is undisputed that Amtrak is an insured under the Contract. Because of SFRTA's failure to provide a copy of the Contact when requested by Amtrak, Amtrak could not reasonably have known about the Contract with Steadfast until it was revealed at the mediation in the Lee Case on December 21, 2018.  Therefore, Amtrak's tender to Steadfast approximately one month later was demonstrably timely as a matter of law. There are no circumstances or facts that reasonably lead to a different result. Further, even if a genuine issue of material fact were somehow found to exist, the undisputed facts show Steadfast has not suffered the prejudice—let alone substantial prejudice— needed to absolve Steadfast of liability for breaching its obligations to Amtrak under the Contract.

### C.    Amtrak provided timely notice to Steadfast

The incident giving rise to the Lee Case occurred on July 6, 2026. On August 9, 2016, Amtrak sent a letter to SFRTA's General Counsel, Teresa J. Moore. *Ex. E.* The letter requested "any insurance policies and/or self-insured retention funds which SFRTA maintains which may provide coverage to it and its contractor, VTMI, for any claims arising from this accident." *Id.* SFRTA did

9

not provide Amtrak any of the requested policies. Amtrak reasonably relied on SFRTA's silence as evidence that the Contract did not exist. Amtrak could not tender notice to Steadfast for a Contract it did not know existed due to SFRTA's failure to identify it. Because of SFRTA's non-compliance with Plaintiff's request, Amtrak first learned of the Contract's existence at a mediation in the Lee Case held on December 21, 2018. *Ex. F.* Furthermore, none of the Rule 26 initial disclosures in the Lee Case, including the one filed by VTMI, contained any information regarding the Contract. *See* VTMI's Rule 26 Disclosures attached as **Exhibit L**. Therefore, SFRTA's refusal to provide Amtrak with a copy of the Contract prevented Amtrak from discovering the existence of the Contract until December 21, 2018.

Within thirty-five (35) days of the first time Amtrak discovered the Contract's existence, on January 25, 2019, Amtrak tendered to Steadfast pursuant to and in accordance with the Contract, demanding it defend Amtrak in the Lee Case and indemnify it from and against all liability arising out of or in connection with the Lee Case, including all settlements, judgments, damages, costs, expenses, and reasonable attorneys' fees. *Ex. F.* There is no case law in any jurisdiction standing for the proposition that a factfinder could reasonably conclude that notice tendered within less than 6 weeks constitutes untimely notice under remotely similar circumstances. Additionally, the timing of Amtrak's initial tender to Steadfast was more than reasonable under

the circumstances described herein—where the insured did not actually have a copy of the policy, was not aware of the policy, and was actively prevented from being made aware of the policy. In light of the foregoing circumstances, there is no genuine issue of material fact remaining as to whether Amtrak gave Steadfast timely notice to honor its obligations under the Contract.

### D. Steadfast did not suffer substantial prejudice based on the timing of Amtrak's tender

The undisputed facts and record evidence show that Steadfast cannot rebut Amtrak's showing of no substantial prejudice with genuine evidence of their own such that a reasonable jury could find Steadfast was substantially prejudiced by the timing of Amtrak's tender. It is indisputable that Steadfast, at the absolute latest, was made aware of the Lee Case by October 31, 2018, which is evidenced by their own correspondence to the Court, a copy of which is attached as **Exhibit M**. In this correspondence, counsel for Steadfast was forced to explain to the Court why it had failed to attend the mediation conference held on December 19, 2018. *See* Mediation Report attached as **Exhibit N**. Of course, this timeline also ignores the common sense fact that Steadfast's named insured, SFRTA, was provided with the Railroad Signal & Train Control Group Factual Report of Investigation (the "Report") showing SFRTA's knowledge of the incident virtually the moment it happened, a copy of which is attached as **Exhibit O** ("SFRTA dispatcher audio files in connection

with this accident were obtained from the Pompano FL SFRTA Office . . . Amtrak train P09806 engineer reported to the dispatcher that they had struck an automobile. Additionally, the engineer of Amtrak P09806 reported that the crossing gates at 25th St. did not activate.").

Additionally, even accepting Steadfast's assertion that it first became aware of the Lee Case on October 31, 2018, the record evidence shows that an investigation conducted immediately following Ms. Lee's accident would not have disclosed anything materially different from that disclosed by a delayed investigation. *See Lexington Ins. Co.*, 599 F. App'x 875 at 882 (citing *Niesz v. Albright*, 217 So.2d 606, 608 (Fla. 4th DCA 1969). The Report laid out the material facts of the Lee Case, and Steadfast had ample opportunity to request and review the previous discovery conducted by the other involved parties. Furthermore, the trajectory of the Lee Case provided ample opportunity for Steadfast to adequately investigate and fulfill its obligations prior to the Lee Case's resolution, as evidenced by the rescheduling of the trial to November 4, 2019 and eventual settlement of the case on October 8, 2018. A copy of the Order Setting Jury Trial and the Parties' Joint Notice of Settlement are attached as **Exhibit P** and **Exhibit Q**, respectively. *See Tiedtke v. Fid. & Cas. Co. of New York*, 222 So.2d 206, 209 (Fla. 1969) (no prejudice where insurer did not begin investigation until several months after receiving notice and was able to get statement from every material witness prior to trial). Instead of

12

using the over 8 months prior to settlement to take any substantive actions whatsoever or petition the Court for leave to conduct any purportedly necessary supplementary discovery, Steadfast chose instead to breach its contractual obligations to Amtrak under the Contract. Based on the undisputed factual record cited herein, a factfinder could not reasonably find that Steadfast suffered substantial prejudice based on the timing of Amtrak's January 9, 2019 tender demand.

### III.   CONCLUSION

Amtrak is entitled to summary judgment on both of its claims against Steadfast as a matter of law. It is undisputed that Amtrak is an insured under the Contract. Because of SFRTA's failure to provide a copy of the Contact when requested by Amtrak, Amtrak could not reasonably have known about the Contract with Steadfast until it was revealed at the mediation in the Lee Case on December 21, 2018.  Therefore, Amtrak's tender to Steadfast approximately one month later, was demonstrably timely as a matter of law. There are no circumstances or facts that reasonably lead to a different result. Further, even if a genuine issue of material fact were somehow found to exist, the undisputed facts show Steadfast has not suffered the prejudice —let alone substantial prejudice—needed to absolve Steadfast of liability for breaching its obligations to Amtrak under the Contract, and no genuine issues of material fact exist

upon which a factfinder could reasonably make a finding of substantial prejudice.

WHEREFORE, Plaintiff respectfully requests that this Court enter an order (1) granting final summary judgment in favor of Plaintiff; (2) setting of an evidentiary hearing to determine Plaintiff's entitlement to compensatory damages totaling more than $847,012.88, plus both pre- and post-judgment interest, costs and attorneys' fees, (3) awarding Plaintiff its attorneys' fees and costs associated with prosecuting this action, but reserving jurisdiction to determine the amount thereof; and (4) granting such other relief as the Court deems just and proper.

/s/ J.D. Zarate
Daniel Fleming
Florida Bar No.: 871222
Primary Email: dfleming@jpfirm.com
Secondary Email: smartin@jpfirm.com
J.D. Zarate
Florida Bar No: 119490
Primary Email: jdzarate@jpfirm.com
Garrison Cohen
Florida Bar No: 1002390
Primary Email: garrisonc@jpfirm.com
Johnson Pope Bokor Ruppel & Burns, LLP
401 E. Jackson Street, Suite 3100
Tampa, FL 33602
(813) 225-2500
Attorneys for Plaintiff

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on Fri, Jul 2, 2021, I electronically served the foregoing to the following: Bradley Fischer of Lewis Brisbois Bisgaard & Smith, LLP, 110 SE 6th Street, suite 2600, Fort Lauderdale, FL 33301, Bradley.fuscher@lewisbrisbois.com;         daniel.allison@lewisbrisbois.com elsie.stfleur@lewisbrisbois.com; ftlemaildesig@lewisbrisbois.com.

   /s/ J.D. Zarate                   
J.D. Zarate, Esq.